FILED

2024 Jan-12  PM 01:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES SILMON and )
EDWARD JACKSON, )
 )
    Plaintiffs, )
 )   CIVIL ACTION NO:
vs. )   CV-24
 )   JURY DEMAND
 )
·BLOX, LLC, )
 )
    Defendant. )

# COMPLAINT

## I.   INTRODUCTION

1.    This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress commonly known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of 1991," 42 U.S.C. §2000e, *et seq.* (hereinafter "Title VII") and 42 U.S.C. §1981, that provide for relief against discrimination in employment on the basis of race and retaliation. Plaintiffs Simon and Jackson seek compensatory and punitive damages pursuant to 42 U.S.C. §2000e *et seq.*

1

2.      Plaintiff Silmon also brings this action for injunctive relief, back-pay, and other damages and liquidated damages for violations The Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

## II.    JURISDICTION AND VENUE

3.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343(4), Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, as amended by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.,* 42 U.S.C. §1981 and the Act of Congress known as "the Age Discrimination in Employment Act," 29 U.S.C. §621 *et. seq.* The jurisdiction of this Court is invoked to secure protection of, and redress deprivation of rights secured by 29 U.S.C. §621 *et. seq.* providing for injunctive and other relief against age discrimination and 42 U.S.C. §2000e *et seq.* and 42 U.S.C. §1981 providing for injunctive and other relief against race discrimination and retaliation.

4.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. §§1331, 1343(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. 2000e-5(f)(3).

5.      Plaintiffs Silmon and Jackson have fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and the Age Discrimination in Employment Act, 29 U.S.C., §621 *et. seq.* Specifically Plaintiffs Simon and Jackson timely filed their charges of discrimination within 180 days of

occurrence of the last discriminatory act. (*See* Exhibits A and B, respectively). Plaintiffs timely filed their claim of age and race discrimination and retaliation within 90 days of the receipt of his right-to-sue letter from the Equal Employment Opportunity Commission (*See* Exhibits C and D, respectively).

6.     The unlawful employment practices alleged herein below were committed by defendant within Jefferson County of the State of Alabama. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000e-5(g).

### III.  PARTIES

7.     Plaintiff, James Silmon, is an African-American citizen of the United States of America and a resident of the State of Alabama and is over the age of forty (40) years (date of birth: 1962). At all times relevant to this action, Plaintiff Silmon was employed with Defendant at its Bessemer, Jefferson County, Alabama location prior to his discriminatory layoff/termination.

8.     Plaintiff, Edward Jackson, is an African-American citizen of the United States of America and a resident of the State of Alabama. At all times relevant to this action, Plaintiff Silmon was employed with Defendant at its Bessemer, Jefferson County, Alabama location prior to his discriminatory and retaliatory layoff/termination.

9.     Defendant, Blox, LLC, is an employer within the meaning of 42 U.S.C. §2000e(a)(b) and is subject to suit under the Age Discrimination in Employment

Act, 29 U.S.C. §621 *et seq.* At all times relevant to this action, Defendant has employed at least fifteen (15) or more employees.

## IV.   STATEMENT OF FACTS

### A.   James Silmon

10.   Plaintiff Simon was hired by Defendant as a temporary employee on August 13, 2021.

11.   Plaintiff Simon completed his ninety (90) day probationary period and became a full-time employee.

12.   Plaintiff Silmon's position throughout his employment was Welder.

13.   During Plaintiff Silmon's employment with Defendant, he performed all duties and responsibilities associated with a Welder in a satisfactory manner.

14.   Furthermore, Plaintiff Silmon never received any formal or informal warnings, verbal or written, from management during his employment about his work performance or attitude.

15.   Plaintiff Silmon was one of the most senior employees in the department/plant.

16.   During Plaintiff Silmon's employment with Defendant, he was subjected to age related comments from supervisors/managers including, but not limited to, "you are too old to work in the department."

17.     Plaintiff specifically talked with Chris LNU in November 2021 about the derogatory age-related comments, told his supervisor Chris Holt, and told Human Resources on August 4th as well.

18.     On August 4, 2022, Plaintiff Simon was informed by HR that he was being laid off/terminated due to lack of work.  However, was one of two of the most senior employee in the department/plant and less senior employees were retained.

17.     Silmon was assured that his work performance played no role in his layoff/termination.

18.     Defendant retained less senior, Hispanic employees, many of them illegal immigrants, and instead laid off/terminated Silmon's employment.

19.     Moreover, when Plaintiff Silmon was terminated/laid off, he was told that work was slow, however, Defendant continued to hire new employees.  Silmon questioned the fact that employees were just hired and were continuing to be hired at the time of his termination/layoff.

20.     Plaintiff Silmon believes that he has been discriminated against by Defendant because of his race, African-American, and age in regard to his layoff/termination and other terms and conditions of employment.

21.     Defendant acted willfully and/or with reckless disregard for plaintiff Silmon's federally protected rights.

5

22.     Plaintiff Silmon has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, injunctive and declaratory judgment.   Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.     Edward Jackson**

23.     Plaintiff Jackson was hired by Defendant in October of 2021.

24.     Plaintiff Jackson's position throughout his employment was Welder and he worked in the Floors/Flooring Department.

25.     During Jackson's employment with Defendant, he performed all duties and responsibilities associated with a Welder in a satisfactory manner.

26.     During his employment, Plaintiff Jackson did not have any write-ups or disciplines.

27.     On or about August 4, 2022, Defendant laid off co-plaintiff and second most senior employee, James Silmon, African-American.   At that time, there were less senior employees who were laid off.   Instead, Defendant specifically selected an African-American to lay off from the Roofing Department.

28.     After Plaintiff Silmon's layoff, Plaintiff Jackson made some comments to co-workers about Silmon's layoff when there were less senior Caucasian and/or

Hispanic employees retained, and Defendant continued to hire new employees after Silmon's layoff/termination.

29.     Within a week of Plaintiff Jackson's comments and Plaintiff Silmon's layoff, on August 10, 2022, Jackson was informed by a Caucasian supervisor from another department that he too was being laid off/terminated due to lack of work.

30.     However, Plaintiff Jackson was the only employee laid off from the Floors/Flooring Department and Defendant just hired two employees in said department.

31.     On information and belief, employees who had not complained of discrimination have been treated differently than Plaintiff Jackson. This disparate treatment was because of Plaintiff's race and in retaliation for his complaints about race discrimination.

32.     Defendant acted willfully and/or with reckless disregard for Plaintiff's federally protected rights.

33.     Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back-pay, injunctive and declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION: RACE DISCRIMINATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

34.    Plaintiffs Silmon and Jackson re-allege and incorporate by reference paragraph 1-33 above with the same force and effect as if fully set out in specific detail hereinbelow.

35.    Plaintiffs Silmon and Jackson bring this claim for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended in 1991, and 42 U.S.C. §1981.

36.    Plaintiffs Silmon and Jackson are African American.

37.    Based on the totality of the facts presented above in paragraphs 10-34, Plaintiffs Silmon and Jackson have been discriminated against because of their race in their layoff/termination from Defendant. These facts include, but are not limited to, the falsity of Defendant's reason(s) for Plaintiffs' layoff/termination, and evidence of preferential treatment given to non-African-American employees.

38.    Defendant's proffered reasons for said layoff/termination were pretext for race discrimination.

39.    As a result of this discriminatory treatment, Plaintiffs Silmon and Jackson suffered damages in the form of lost wages, emotional distress, and other compensatory damages.

40.    Defendant acted with either malice or with reckless indifference toward

Plaintiffs' federally protected rights.

41.    Plaintiffs seek to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is their only means of securing adequate relief.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## SECOND CAUSE OF ACTION: AGE DISCRIMINATION PURSUANT TO THE ADEA

42.    Plaintiff Silmon re-alleges and incorporates by reference paragraph 1-33 above with the same force and effect as if fully set out in specific detail hereinbelow.

43.    Plaintiff Silmon brings this claim for age discrimination pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq.*

44.    Plaintiff is over the age of forty.

45.    These facts include, but are not limited to, statements made by management and decision makers regarding Plaintiff's employment, the falsity of Defendant's reason(s) for Plaintiff Silmon's layoff/termination, and evidence of preferential treatment given to younger employees.

46.    Defendant's proffered reasons for termination were pretext for age discrimination.

47.    As a result of this discriminatory treatment, Plaintiff Silmon suffered

damages in the form of lost wages, emotional distress, and other compensatory damages.

48.    Defendant acted with either malice or with reckless indifference toward Plaintiff's federally protected rights.

49.    Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

### THIRD CAUSE OF ACTION: RETALIATION PURSUANT TO 42 U.S.C. §1981 & TITLE VII

50.    Plaintiff re-alleges and incorporates by reference paragraph 1-33 above with the same force and effect as if fully set out in specific detail hereinbelow.

51.    Plaintiff Jackson engaged in protected activity by questioning the decision to layoff/terminate Plaintiff Silmon due to his age and race.

52.    Plaintiff was then terminated because of his actions.

53.    Defendant's actions, which happened within days and weeks of Plaintiff Jackson's complaints, are causally related to his protected activity.

54.    Defendant's reason for terminating/laying off Plaintiff Jackson was pretext for retaliation.

55.    As a result of this retaliatory treatment, Plaintiff Jackson suffered

damages in the form of lost wages, emotional distress, and other compensatory damages.

56.     Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

57.     Plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, compensatory damages, punitive damages, and an injunctive and declaratory judgment is his only means of securing adequate relief.  Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Silmon and Jackson respectfully pray that this Court assumes jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies and practices, conditions, and customs of the defendant are violative of the rights of the plaintiffs as secured by 42 U.S.C. §2000e, *et seq.* and as secured under the Age Discrimination and Employment Act, 29 U.S.C. §621 *et. seq.*

2.     Grant the plaintiffs a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Age

Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* and a permanent injunction for continuing to violate 42 U.S.C. §2000e, *et seq.* and 42 U.S.C. §1981.

3.      Enter an Order requiring Defendant to make the plaintiffs whole by awarding them the position they would have occupied in the absence of age and race discrimination and retaliation, back-pay (plus interest), lost seniority, lost benefits, compensatory and punitive damages and liquidated damages.

4.      Plaintiffs further pray for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFFS HEREBY DEMANDS TRIAL BY A STRUCK JURY ON ALL CLAIMS TRIABLE TO A JURY**

Respectfully submitted,

Gregory O. Wiggins
Counsel for Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
      FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500
gwiggins@wigginschilds.com

**<u>DEFENDANT'S ADDRESS:</u>**
Blox, LLC
c/o Registered Agent, Christopher A. Giattina
2625 5th Avenue North
Building C
Bessemer, Alabama 35020